UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | PLAINTIFF |
| | ) | |
| v. | ) | NO. 4:16CR00264-001 DPM |
| | ) | |
| | ) | |
| OSCAR CANAMORE | ) | DEFENDANT |

**<u>DEFENDANT'S SENTENCING MEMORANDUM</u>**

Comes the defendant, by and through appointed counsel, Latrece Gray, respectfully submits the following information to the Court for its consideration before the imposition of sentence in this case.

Defendant Oscar Canamore violated 18 U.S.C. §922 (g) (1) by being a convicted felon in possession of a firearm. The statutory maximum sentence for this offense is not more than 10 years imprisonment, not more than $250,000 fine, and not more than three (3) years supervised release. For the reasons set forth in this Memorandum, it is respectfully requested that defendant's objections to the presentence report be sustained.

*I. Facts*

On October 6, 2016, a warrant was issued for Mr. Canamore's arrest by the Little Rock Police Department for Theft by Receiving and Possession of Firearms by Certain Persons. Law enforcement determined that Mr. Canamore pawned a stolen firearm at Pawnderosa Pawn Shop in Little Rock, Arkansas on September 17, 2016.

Officers arrived at Mr. Canamore's residence to serve him with the arrest warrant on October 6, 2016.  A search of his bedroom revealed a .22 caliber pistol and rounds of ammunition were found in a pants pocket of a pair of jeans belonging to Mr. Canamore.

## *II. Presentence Report Objections*

**Para 13:**  Defendant objects to the assessment of two levels for possession of a stolen firearm. The United States Probation Office states in its Response that "following his arrest on October 6, 2016, Defendant admitted the ammunition found in his room was his and had been there before his most recent imprisonment and was still there at the time of his release from the Arkansas Department of Correction on Aug. 24, 2016.  As the defendant possessed the stolen firearm noted in paragraph five at the same time he possessed  the ammunition named in the Indictment to which he pled guilty, it is relevant conduct as described in USSG §1B1.3(1)(A)."

However, Defendant maintains that possession of the stolen firearm for which he pleaded guilty in state court (Pul. Co. CR. No.16-3886) is not conduct relevant to his instant offense of Felon in Possession of Firearm and Ammunition.  The government bears the burden of proving relevant conduct by a preponderance of the evidence.  *See United States v. Ramirez,* 196 F. 3d 895, 898 (1999).  *See also United States v. Branch,* 591 F.3d 602, 612 (2009).  "Conclusory statements in a presentence report will not satisfy the government's burden to prove reliable evidence, and the mere conclusion of the presentence report is an insufficient basis for finding that the evidence before the sentencing judge supports the proposition of fact asserted therein.  Basic fairness requires

that the evidence be identified and its reliability demonstrated."

**Para 14:** Defendant objects to a four level assessment for using or possessing any firearm or ammunition in connection with a felony offense, Theft by Receiving. The United States Probation Office asserted the same justification for assessing four levels as it did 2 levels in paragraph 13. However, the 4-level enhancement does not apply because Arkansas Theft by Receiving requires that the defendant know that the property was stolen, or had good reason to believe that the property was stolen. *See* Ark. Code Ann. § 5-36-106(a). There has been no proof presented from the Government that Mr. Canamore knew or had reason to believe that the firearm he pawned was stolen.

Furthermore, to assess 2 levels for possession of a stolen firearm and 4 levels for using or possessing the firearm in connection with a felony offense, Theft by Receiving, results in impermissible double counting. The only reason Mr. Canamore's theft by receiving is a felony is because the stolen property was a firearm. *See* Ark. Code Ann. 5-36-106(e). Absent the property being a firearm, credit/debit card or credit/debit card account number, the government would have to prove that the value of the property was more than $1,000 for the offense to be considered a felony. *See id.* If the value of the property was $1,000 or less, than the offense was only a Class A misdemeanor. *See id.* at (e)(4). It is impermissible double counting to apply both the stolen-firearm enhancement and the "in connection with another felony offense" enhancement because the other felony offense--theft by receiving-- already accounts for the stolen nature of the firearm.

**Para 18:** Mr. Canamore's adjusted offense level is 24.

*Conclusion*

For the aforementioned reasons, Mr. Canamore requests that his base offense level be calculated correctly at 24, and for all other relief to which he is entitled.

Respectfully submitted,

JENNIFFER HORAN
FEDERAL DEFENDER

By: /s/Latrece Gray
Latrece Gray 93028
Assistant Federal Defender
The Victory Building, Suite 490
1401 West Capitol Avenue
Little Rock, AR 72201
Telephone: (501) 324-6113
E-mail: latrece_gray@fd.org

For: Oscar Canamore

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of January, 2018, a true and correct copy of the foregoing was mailed to the Defendant, and was electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification to the following:

Kristin Bryant
Assistant United States Attorney
P.O. Box 1229
Little Rock, Arkansas 72203
Email: Kristin.bryant@usdoj.gov

Oscar Canamore

/s/ Latrece Gray
Latrece Gray