UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:16CR00264 DPM |
| | ) | |
| OSCAR CANAMORE | ) | |

**UNITED STATES RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States of America, by and through Cody Hiland, United States Attorney for the Eastern District of Arkansas, and Kristin H. Bryant, Assistant United States Attorney, in response to the defendant's sentencing memorandum states:

**I.   Background**

On October 6, 2016, a warrant was issued for the defendant in Little Rock District Court charging the defendant with Theft by Receiving and Possession of Firearms by Certain Persons. The warrant was the result of the defendant pawning a stolen pistol at the Pawnderosa Pawn Shop in Little Rock, Arkansas, on September 17, 2016.

On October 6, 2016, officers observed the defendant at 12035 Paul Eells Drive, Apartment 201, and executed the arrest warrant. Officers then conducted a search of the defendant's bedroom and located an Armi-Galesi .22 caliber pistol loaded with six rounds, eleven rounds of .357 ammunition, nine rounds of .45 caliber ammunition, 4.3 grams of marijuana and a drug scale. The firearm was located in the pants pocket of a pair of jeans belonging to the defendant.

Following the defendant's arrest, he claimed ownership of the ammunition and marijuana found in his bedroom. The defendant claimed the ammunition had been there since before he went to prison. The defendant told officers that a female acquaintance placed the firearm in his

pants pocket for safe-keeping.

On February 6, 2017, in the Circuit Court of Pulaski County, Arkansas, in criminal case number 2016-3886, the defendant pled guilty to possession of firearms by certain persons and theft by receiving, among other counts, concerning the firearm he attempted to pawn on September 17, 2017.   (Ex. A).

On September 7, 2017, the defendant pled guilty to Count One of the Indictment charging him with being a felon in possession of the firearm and ammunition found on October 6, 2016.

In paragraph 13 of his PSR, the defendant is assessed a two level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4) because a firearm was stolen.   In paragraph 14 of the PSR, the defendant is assessed a four level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because the defendant used or possessed any firearm or ammunition in connection with another felony offense.   The defendant now contends that these two enhancements do not apply.

**II.    Analysis**

The Probation Office correctly calculated the defendant's Guidelines range.   The defendant first argues that the Probation Office incorrectly considered his conviction in Pulaski County criminal case number 2016-3886 as relevant conduct.   Second, the defendant argues that the Probation Office incorrectly applied U.S.S.G. § 2K2.1(b)(4) and U.S.S.G. § 2K2.1(b)(6)(B)

**A.   Relevant Conduct**

By virtue of his objection to paragraph 13, the defendant argues that the offense conduct listed in paragraph 28 is not relevant conduct.   Paragraph 28 references the defendant's conviction in case number 16-3886 referenced above.   Because the Probation Office considered the conviction relevant conduct, it was not assessed any criminal history points. The Probation Office responded to the defendant's objection by stating:

> Following his arrest on October 6, 2016, the defendant admitted the ammunition located in his bedroom was his and had been there prior to his most recent imprisonment and was still there at the time of his release from the Arkansas Department of Correction on August 24, 2016.  As the defendant possessed the stolen firearm . . . at the same time he possessed the ammunition named in the Indictment to which he pled guilty, it is relevant conduct as described in U.S.S.G. § 1B1.3(1)(a).

The United States agrees with the Probation Office's response that the defendant's possession of firearms and ammunition following his release from the ADC on August 24, 2016, is relevant conduct.  If the Court determines that the conduct listed in paragraph 28 is not relevant conduct, the United States contends the defendant should receive three points for the conviction.

### B. Application of U.S.S.G. § 2K2.1(b)(4) and U.S.S.G. § 2K2.1(b)(6)(B)

The defendant further argues in his sentencing memorandum that the Probation Office incorrectly calculated the defendant's Guidelines range by assessing two levels for possession of a stolen firearm pursuant to U.S.S.G. § 2K2.1(b)(4) (PSR ¶ 13), and four levels because the defendant used or possessed any firearm or ammunition in connection with another felony offense, Theft by Receiving, pursuant to U.S.S.G. § 2K2.1(b)(6)(B) (PSR ¶ 14).

First, the defendant argues in his Sentencing Memorandum that the United States has failed to prove that the defendant knew the firearm he pawned was stolen.  Commentary note 8(B) to U.S.S.G. § 2K2.1 states that "Subsection (b)(4) applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen or had an altered or obliterated serial number." U.S.S.G. § 2K2.1, n.8.  Moreover, on February 6, 2017, in the Circuit Court of Pulaski County, Arkansas, in criminal case number 2016-3886, the defendant pled guilty to possession of firearms by certain persons and theft by receiving, among other counts, concerning the firearm he attempted to pawn on September 17, 2017.  (Ex. A). The defendant was sentenced to 36 months' imprisonment in the Arkansas Department of Correction.  (Ex. A).

The defendant further argues that "it is impermissible double counting to apply both the stolen-firearm enhancement and the 'in connection with another felony offense' enhancement because the other felony offense – theft by receiving – already accounts for the stolen nature of the firearm."

In *United States v. Kenney*, 283 F.3d 934 (8th Cir. 2002), the defendant, a previously convicted felon, stole and pawned four firearms. *Id*. at 935. The defendant pled guilty to being a felon in possession of a firearm. *Id*. at 936. At sentencing, the district court applied the enhancement for possession of a stolen firearm and possession of a firearm in connection with another felony offense, which was the burglary through which the defendant possessed the firearms. *Id*. The defendant appealed to the Eighth Circuit contending the district court impermissibly double counted when applying the two enhancements. *Id*. The Eighth Circuit held that it was not double counting to apply the two enhancements. The Court held

> We conclude that the subsections are conceptually separate. Subsection (b)(4) deals with the stolen nature of the firearms themselves, regardless of the possessor's knowledge of or participation in obtaining the stolen weapons. In contrast, subsection (b)(5) addresses the conduct surrounding the possession of the firearms, specifically concerning the use or possession of the firearms in connection with other prohibited conduct. We are persuaded of the conceptual differences between the two subsections: while (b)(4) punishes for mere possession, (b)(5) punishes for the participation in another felony offense.
> . . . .
>
> We are further persuaded that the two offenses are conceptually separate because it is possible to be in possession of a stolen firearm without actually having stolen it. Therefore, it makes sense that the (b)(4) enhancement accounts only for the stolen nature of the possessed firearm, not the act of stealing it.

*Id*. at 938–39. *See also, United States v. Chapman*, 614 F.3d 810, 812 (8th Cir. 2010); *United States v. Jackson*, 633 F.3d 703 (8th Cir. 2011). Based on the Eighth Circuit's reasoning in *Kenney*, the application of U.S.S.G. § 2K2.1(b)(4) (PSR ¶ 13) and U.S.S.G. § 2K2.1(b)(6)(B) (PSR ¶ 14) does not result in double counting. As in *Kenney*, the (b)(4) punishes for mere

possession, while (b)(5) punishes for the participation in another felony offense. The two enhancements apply in this case.

Respectfully Submitted,

CODY HILAND
United States Attorney

*/s/Kristin Bryant*
KRISTIN BRYANT
AR Bar Number 2009156
Assistant U.S. Attorney
P. O. Box 1229
Little Rock, AR 72203
Telephone: 501-340-2600
E-mail: Kristin.Bryant@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2018, a copy of the foregoing was sent by electronic notification to all defense counsel of record.

*/s/Kristin Bryant*
KRISTIN BRYANT